MR. JUSTICE SHEEHY,
concurring in part and dissenting in part:
I concur with the majority insofar as it holds that (1) Irene Sorlie was entitled to tenure for her position of coordinator of intermediate education in School District No. 2, Yellowstone County; (2) that she is entitled to the same salary which she was getting in the last year of her administrative position plus any increments subsequently adhering; (3) that we may consider the school board’s cross-appeal here, but find no merit in the same; (4) that Irene D. Sorlie did not waive any rights to tenure by signing the contract which was presented to her and which contained self-exculpatory provisions in favor of the school board.
I dissent from the majority, and would hold that Irene D. Sorlie is entitled to a position comparable to that of a coordinator of intermediate education because of her tenured rights; that the school board may not utilize potential financial problems to take away her tenured rights; that the Superintendent of Public Instruction is in error when he claims that a teaching position in the second grade of an *32 elementary school, and the position of coordinator of intermediate education curricula are the same; that she is entitled to such increments as would have accrued to her position from and since her termination by the school board of her administrative position.
I will speak to the most important issue first. She was tenured in her position as a coordinator of intermediate education curricula, and thus is entitled now and has been since her termination from that position entitled to a comparable position under her tenure rights. A teaching position in the second grade is not comparable to the position of coordinator of intermediate education.
Under the facts in this case, in her administrative position she worked with other elementary grade teachers for the purpose of coordinating, using her 20 years teaching experience, the teaching methods and curricula for those grades. In effect she had a supervisory position as regards curricula. Upon being assigned to a teaching position in the second grade in an elementary school, she has been deprived of all such administrative function, has no further say about the curricula adopted in the system, and must accept the curricula already set in place for her guidance as a teacher. Thus she has not been given a comparable position. She has been demoted. She was once an administrator, she is now a teacher.
This case is controlled by the holding in Smith v. School District No. 18 (1943), 115 Mont. 102, 115, 139 P.2d 518. In that case, this Court said:
“The purpose of enacting the Teacher Tenure Act (citing the statute) is not merely to insure teaching employment but it is also to insure the teachers who have held teaching positions for three or more consecutive years, security in the position, the grade or the status which they have thus attained.
“In the instant case the position which appellant had held teaching the upper grades in the Valier Public School had been given to someone else. The new position offered appel *33 lant was a demotion. It would remove appellant from the town of Valier and place him 10 miles out in the country. It would remove him from his old position as band instructor. It would remove him from his old position, rank, grade and status of a teacher of the upper grades in a town school and would reduce him to the status of a teacher in an ungraded country school teaching all grades from the primary up. To thus demote a teacher requires the same procedure as removal or dismissal (citing a case).
“While a regularly employed teacher may be discharged for a good and sufficient cause yet ‘the board has no power to . . . transfer a teacher from a higher to a lower grade. Assigning a teacher to a lower grade is a “removal” and just as much so as a dismissal would be.’ (Citing authority.)”
From the foregoing, therefore, it is clear that the holding of the majority in this case respecting tenure rights in an administrative position is two-faced: while purporting to recognize that a tenured teacher promoted to an administrative position in the school system is tenured in the administrative position, the majority takes away the tenure right in the guise of holding that the school board for financial reasons may demote the tenured person to a lower position. Such a holding gives only token recognition to the principles of tenure.
The applicable statute is section 20-4-203, MCA, which provides in pertinent part:
“Whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a postion requiring teachers’ certification .. . the teacher shall be deemed to be reelected from year to year thereafter as a tenure teacher at the same salary and in the same or a comparable position of employment as that provided by the last executed contract with such teacher. . .” (emphasis added)
Under the statute, tenure has two guaranteed concepts: one, salary, and two, status or a comparable position. If a school board may demean a teacher by offering a lesser po *34 sition, even though the same salary adhered, then tenure is effectively sabotaged.
I must say for the credit of the school board here that it recognizes that it did not offer a comparable position to Irene D. Sorlie. Throughout these proceedings, and before this Court, it has insisted that it had the right to offer a less than comparable position because in the view of the school board she was not tenured in her administrative position under section 20-4-202. That at least is an honest approach.